Eva C. BUCHANAN et al., Appellants,

v.

Larry W. BROWN, Appellee.

Court of Appeals of Kentucky.

Oct. 9, 1970.

Richard H. Nash, Edward G. Gildersleeve, Jr., Louisville, for appellants.

James G. Bowman, Hogan, Taylor, Denzer & Bennett, Louisville, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

The jury found for the defendant-appellee, Larry W. Brown, in appellant's action to recover damages for personal injuries received when struck by the appellee's automobile on a dark evening October 20, 1967, while she was walking along Orchard Drive in Louisville, Kentucky.

Orchard Drive is a two-way, paved street, 17 feet wide, with no sidewalks or streetlights. Appellee was driving west at around 25 miles per hour. The appellant was walking out in the street facing westbound traffic. There was a gravel shoulder beside the street upon which appellant could have walked. She was dressed in a black coat and was carrying a paper bag containing empty beer bottles. She was just under 50 years of age, nimble, agile, and a good dancer. She could have stepped aside very easily.

The verdict of the jury did not disclose whether it found that the appellant was guilty of contributory negligence or that the appellee was free of carelessness or both. It makes no difference as there was sufficient evidence to support the verdict under either theory.

The appellant first contends that she was entitled to a directed verdict. From the foregoing resume of the facts and circumstances, we cannot visualize any difference in the opinions of reasonable minds as to the claimed negligence of the appellee. As heretofore stated, appellant's contributory negligence would deprive her of the right to a directed verdict.

Appellant next complains that she was prejudiced by the trial court's not allowing her to read to the jury certain statutes pertaining to rights and duties of pedestrians. It is elementary that these are matters of law and had no place in the evidence. We shall not encumber the record by citation of authorities.

Appellant also complains of the instruction. She claims the court should have instructed the jury that the appellee owed the appellant the duty to exercise "proper precaution upon observing a confused or incapacitated person." We cannot conclude from the evidence that the appellant was confused or incapacitated. She was simply walking down the street presumably with her eyes open, facing the oncoming automobile with its headlights on, attired like the night, and failed to step aside. We do not think such an instruction was appropriate under the facts.

Appellant finally argues that she was entitled to a last clear chance instruction. With this we cannot agree. The appellant did not offer such an instruction or specifically request such an instruction or point out to the trial court that she was entitled thereto. She did raise the question of last clear chance in her motion and grounds for a new trial, but this came too late. Scudamore v. Horton, 426 S.W.2d 142 (1968), and CR 51.

The judgment based upon the verdict is affirmed.

All concur.